J. Curtis Edmondson (SBN 236105)
jcedmondson@edmolaw.com
Edmondson IP Law
15490 NW Oak Hills Drive
Beaverton, Oregon 97005
Telephone: (503) 701-9717

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alfa Distributions International Pty Ltd, An Australian Corporation, <br><br> Plaintiff, <br> vs. <br><br> Tanoa Kava, Inc., Tanoa Imports, LLC., and Amrit Roy, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; BREACH OF TRADEMARK SALE AGREEMENT; CANCELLATION OF TRADEMARK REGISTRATIONS <br><br> JURY TRIAL DEMAND <br><br> Judge: <br> Magistrate: <br><br> Trial Date: <br> Dispositive Motion Cutoff: <br> Discovery Cutoff: <br> Status Conference: |

1

COMPLAINT

COMES NOW, Plaintiff, Alfa Distributions International Pty Ltd (hereinafter "Plaintiff" or "Alfa") alleges the following as against Defendants Tanoa Kava, Inc; Tanoa Imports, LLC, and the owner and/or agent of the two corporations, Amrit Roy ("Roy") (collectively "Defendants", "Tanoa", or "TANOA") for trademark infringement, unfair competition, breach of Trademark Sale Agreement, and cancellation of trademark.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. §§1331, 1338(a): "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks". Supplement jurisdiction is provided for state law claims.

2. The claims asserted herein arose in this judicial district and all Defendants conduct business in this judicial district. Alfa is a resident of Australia and the Tanoa are residents of Sacramento County, California.

3. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(c)(2) and §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## FACTUAL BACKGROUND

**A. THE PRODUCTS AT ISSUE – TALOFA AND OCEAN**

4. Alfa is the brand owner and distributes products bearing the marks: "OCEAN" (Australian TM Registration 914617, since 2002 and "TALOFA" (Australian TM Registration 823133. Since 2000; and New Zealand TM Registration Case No. 628991, since 2001.

5. The TALOFA brand has also been distributed in American Samoa, and products bearing the other Alfa brands are, and have been offered in the American markets either by Alfa or by distributor who ships regularly to the United States and territories.

6. The Alfa products are popular and regularly consumed by the Pacific Islander community in the United States, notably those expatriate subpopulations that include Samoans (Samoa and American Samoa), Fijians, the Micronesian states (Mariana Islands, Marshall Islands, etc), and other South Pacific islands (Bora Bora, etc.). Sacramento is home to one of the largest Fijian & South Pacific Islander Communities (see https://en.wikipedia.org/wiki/Fijian_Americans "California has the largest population of people of Fijian nationality").

7. The OCEAN brand has a distinctive "OCEAN" design on the label that is approximately 1/3 of the entire front label, an image of the fish and/or fish portion that is place on the middle third of the front label, and the food type in the can on the bottom third of the label, examples of which are shown here:



**EXHIBIT 1 – ALFA'S OCEAN MARK**

8. The label colors employed for the OCEAN brand are a distinctive and recognizable font type and the configuration of the label has been consistent in use and recognizable by members of the Fijian, Samoan, Micronesian, and Pacific Islander communities.

9. Alfa is the exclusive distributor for the OCEAN products in the United States, including, but not limited to, the United States' territories in the South Pacific, including American Samoa.

10. Alfa also sells TALOFA branded products of packed fish, canned coconut cream soy sauce, and cake products. An example of the TALOFA brand is:



**EXHIBIT 2 – ALFA'S TALOFA MARK**

11. Collectively, the OCEAN and TALOFA marks will be called the ALFA MARKS.

B. <u>TANOA INFRINGES THE ALFA MARKS</u>

12. On or about December 5, 2023, Tanoa's Amrit Roy contacted Alfa to become agents and/or distributors for Alfa's PACIFIC PREMIUM brand of ghee products. Tanoa's Roy has significant industry experience and would have actual knowledge prior to December 5, 2023 that Alfa has long sold products under the "TALOFA" and "OCEAN" marks.

13. Alfa discovered that Tanoa was and is distributing in the United States, and including the United State territories in the South Pacific, food products with clearing infringing "TALOFA" labels. These products shown below:



**EXHIBIT 4 –Tanoa's Infringing "TALOFA" Product**

14. Tanoa's mimicry of Alfa's TALOFA mark was performed by the Tanoa to deceive the consumers into believing they were purchasing genuine Alfa

**4**

branded Talofa products, when in fact they were selling similar, but inferior, products marketed by the Tanoa; for the identical two products & packaging size as Alfas.

15.  Tanoa's mimicry of the Alfa's TALOFA mark has caused and will likely cause consumer confusion in the marketplace.



**EXHIBIT 3 –Tanoa's Infringing "OCEAN" Product**

16.  Alfa investigated further, and discovered that TANOA had also fraudulently registered at the USPTO a second Alfa brand: "OCEAN", knowing the prior existence of Alfa's "OCEAN" brand.

17.  Tanoa has mimicked key aspects of the Alfa's OCEAN brand. (See Ex. 3 above).  Notably using the "OCEAN" (identical font, & size) mark having dimensions and images of the product located approximately in the same location for the identical two products and packaging size (canned Mackerel) as Alfa's OCEAN brand.

18.  Tanoa's mimicry of the OCEAN mark and brand was performed by the Tanoa to deceive consumers into believing they were purchasing genuine Alfa OCEAN branded products, when in fact they were selling similar, but inferior, products marketed by Tanoa.

19.  Tanoa has sold products with infringing labels bearing the TALOFA & OCEAN marks.

20. To give the impression of "ownership" of marks at issue, Tanoa filed trademark applications at the USPTO assert

21. Alfa then engaged California counsel to resolve the infringement issue without court intervention. Tanoa was also represented by California counsel. The parties negotiated an agreement. The deal points that evolved during the negotiation process involved:

- Tanoa first offered to relinquish the brands after a 180-day sunset period.
- Tanoa then offered to act as agents for Alfa for 5 years and then relinquish the brands.
- Tanoa finally offers both trademarks and full rights to Alfa for $5,000.00 each.
- Alfa countered to the 5,000.00 offer for each mark, suggesting that $2,500.00 each ($ 5,000.00) for a full assignment of rights.
- Tanoa rejected the counteroffer of $ 2,500.00 per mark.

22. The parties, including counsel eventually agreed & signed on $ 5,000.00 for each mark and a full assignment of trademark rights for a total of $10,000.00 for both marks.

c. **TANOA REPUDIATES THE AGREEMENT AFTER SETTLEMENT**

23. Alfa performed by paying Tanoa the $ 10,000.00 in an account designated by Tanoa's California counsel.

24. An official recordation of transfers were provided by USPTO to Alfa, via its counsel.

25. A return from Christmas break, Alfa discovered that the USPTO records were not updated to Alfa as the owners of the registered trademarks.

26. Alfa then contacted TANOA`s counsel

27. Tanoa, via counsel, thereafter repudiated the agreement on January 27, 2025 stating:

**From:** Craig Simmermon [mailto:craig@simmermonlaw.com]
**Sent:** Monday, January 27, 2025 5:46 PM
**To:** info@trademarkunit.com
**Subject:** Re: U.S. Serial No. 90/563,720 for TALOFA

Mr. Alexander,
Enough with the threats. My client Tanoa Kava realized that the brand is worth much more than $10,000 and we'll be able to prove this in court as well. We were misled initially regarding the brand's worth by your offer of $2,500 (last year on November 20) per mark. In addition to $10,000 that your client already paid my client will accept $20,000 more for the transfer of both brands.

Best Regards,
Craig

Craig Simmermon

Attorney at Law
Tel: (916) 878-6656
Email: Craig@SimmermonLaw.com

28. Tanoa has not assigned the two USPTO marks as per the earlier settlement agreement.

29. It is assumed that these negotiations for a settlement was simply to "buy time" for Tanoa to sell off any inventory of infringing product.

## COUNT I

**TRADEMARK INFRINGEMENT**
**Lanham Act, State Law, and Common Law**
**(Against All Defendants and Each of Them)**

29. Alfa repeats, realleges and incorporates by reference in this paragraph the prior allegations contained in this complaint as if fully set forth herein.

30. Alfa has protectable marks for the "OCEAN" and "TALOFA" brands on various food products. These marks have been used in interstate commerce and are recognized by consumers, especially those consumers who heralded from the islands in Polynesia, but also expatriates from the Polynesian islands and Polynesian islanders from Australia and New Zealand who live in the continental United States, including the Sacramento Area.

31. Tanoa has manufactured food products bearing marks that are confusingly similar to Alfa's "Ocean" and "Talofa" brands.

32. Consumers have had actual confusion and/or likely to be confused in the future, between the Afla's widely recognized "Ocean" and "Talofa" brands and the goods sold by Tanoa bearing their "Ocean" and "Talofa" infringing marks.

33. Alfa has been damaged and will be damaged in the future by Tanoa's use of the "Talofa" and "Ocean" infringing marks.

## COUNT II
## UNFAIR COMPETITION
## Lanham Act and State Law
**(Against All Defendants and Each of Them)**

34. Alfa repeats, realleges and incorporates by reference in this paragraph the allegations contained in this complaint as if fully set forth herein.

35. Alfa's products, bearing the "TALOFA" and ``OCEAN`` marks has been on offer, and or distributed in the United States and territories. These products have been sold, and or on offer in the United States and territories.

36. Tanoa has sold, and is offering to sell, of food products bearing labels that mimic Alfa's distinctive brand for products: the distinctive "Talofa" and "Ocean" trademarks.

37. Alfa has sold products bearing the "Talofa" and "Ocean" marks prior to Tanoas sale of infringing products, and therefore Alfa's use of the marks at issue is "senior" to Tanoas use of the marks at issue.

38. Tanoa's sale of food products with packaging and labels that mimic Alfa's distinctive "Talofa" and "Ocean" trademarks, was and is a false and deceptive act intending to deceive consumers into purchasing and have purchased Tanoa's products, under the belief that they are purchasing genuine Alfa products.

39. Tanoa's sale of food products with packaging and labels that mimic Alfa's distinctive "Talofa" and "Ocean" trademarks, induce consumers to purchase products that are inferior, taste different, and not subject to the same quality control standards

imposed by Alfa. This taste difference alone would cause a consumer to distrust the quality of the "TALOFA" and "OCEAN" food products distributed by Alfa, but for all Alfa food products in general.

41. Tanoa's sale of food products with packaging and labels that mimic Alfa's distinctive "Talofa" and "Ocean" trademarks, has caused a competitive injury.

42. Further, when Alfa made a demand on Tanoa to cease and desist selling products bearing the "Talofa" and "Ocean" trademarks, Tanoa engaged in bad faith negotiations to "buy time" to sell off inventory with the "Talofa" and "Ocean" trademarks. This inventory sale caused further consumer confusion.

43. Tanoa's sale of food products with packaging and labels that mimic Alfa's distinctive "Talofa" and "Ocean" trademarks, has been made in interstate commerce, including, but not limited to, sales in California, the Pacific Northwest, and United States territories.

44. Tanoa did not operate under any license from Alfa.

45. Tanoa is liable to Alfa for unfair competition under common law, the Lanham Act, and California state law (Business and Professions Code § 17200, 17500) for

## COUNT III
## BREACH OF TRADEMARK SALE AGREEMENT
### (Against All Defendants and Each of Them)

46. Alfa repeats, realleges and incorporates by reference in this paragraph the allegations contained in this complaint as if fully set forth herein.

47. Alfa and Tanoa entered into a binding settlement agreement for the assignment to Alfa of Tanoa's U.S. trademarks, including but not limited to, all rights and goodwill associated with the marks that are currently registered as United States Registration Number "7,509,989" ("Ocean") to Tanoa Imports and United States Registration Number "7,139,752" ("Talofa") to Tanoa, Kava, Inc.

48.  Alfa paid Tanoa consideration and performed under the terms of the parties trademark sale agreement.

49.  Tanoa, via counsel, repudiated this trademark sale agreement.

50.  Alfa has been damaged by Tanoa's failure to perform under the terms of the parties' agreement.

## COUNT IV

## CANCELLATION OF TRADEMARK REGISTRATIONS

## 7,509,989 ("Ocean") and 7,139,752 ("Talofa")  Marks

## (Against All Defendants and Each of Them)

51.  Alfa repeats, realleges and incorporates by reference in this paragraph the allegations contained in this complaint as if fully set forth herein.

52.  Tanoa filed for the marks currently registered as United States Registration Number "7,509,989" ("989 Registration" or "Ocean") to Tanoa Imports and United States Registration Number "7,139,752" ("752 Registration" or "Talofa") to Tanoa, Kava, Inc.

53.  Tanoa, via counsel, made the following statement under the penalty of perjury when applying for this mark:

> To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

54.  Tanoa was aware of Alfa's senior priority. Tanoa intentionally deceived the USPTO in application for these two mark by claiming under the penalty of perjury that aforementioned statement.

55.  Further, during Tanoa's prosecution of these applications that led to the '989 and the '752 Registrations, Tanoa and/or their agents did not alert the Examiner

of its actual knowledge of Alfa's senior marks. This failure to disclose is inequitable conduct before the USPTO.

56.   As a consequence of the false representation before the USPTO, improper conduct before the USPTO, Tanoa improperly acquired and was issued the "Ocean" and "Talofa" marks.

## DEMAND FOR JURY TRIAL

57. ALFA demands a jury trial on all claims triable to a jury under Rule 38.

## PRAYER FOR RELIEF

WHEREFORE, Alfa prays for judgment as follows:

A.   For an order compelling specific performance of the contract and full transfer of TALOFA and OCEAN trademarks;

B.   For a declaration that Alfa is the legal and rightful owner of the trademarks;

C.   All damages for the infringement of the Ocean and Talofa marks by Tanoa in an amount in excess of $ 100,000.00;

D.   Injunctive relief in the form of a TRO, preliminary injunction, and/or permanent injunction against Tanoa and their agents to not use the Ocean and Talofa marks on their goods;

E.   All statutory damages as allowed for these infringing acts;

F.   Costs of suit as provided per under statute;

G.   An order:

   i)   affirming the assignment of rights transferring United States Registration Number "7,509,989" ("Ocean") to Tanoa Imports and United States Registration Number "7,139,752" ("Talofa") marks from Tanoa Kava, Inc. to Alfa; or alternatively

   ii)   cancelling United States Registration Number "7,509,989" ("Ocean") to Tanoa Imports and United States Registration Number "7,139,752" ("Talofa") marks to Tanoa Kava, Inc.

H. That Alfa be awarded such further legal and equitable relief as the Court deems proper.

Dated: May 9, 2025          LAW OFFICES OF J. CURTIS EDMONDSON

By:  */s/ J. Curtis Edmondson*
_____
J. Curtis Edmondson
Attorney for Alfa